UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY DE LUIS MORELO,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. MALLYA,<br><br>  Defendant. | Case No. C15-1266-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Johnny De Luis Morelo, an immigration detainee at the Northwest Detention Center ("NWDC") in Tacoma, Washington, is proceeding *pro se* in this civil rights action against Ashok Mallya, M.D., a doctor at the NWDC. He alleges that Dr. Mallya has violated his Eighth Amendment rights by providing constitutionally deficient mental health treatment. Dkt. 3.

Mr. Morelo has filed a motion asking the Court to release him from immigration detention or order his transfer to a mental health treatment facility. Dkt. 15. Dr. Mallya did not file a response. The Court construes Mr. Morelo's motion as one for a preliminary injunction. As discussed below, the Court recommends that Mr. Morelo's motion be **DENIED**.

**DISCUSSION**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation omitted). A

REPORT AND RECOMMENDATION - 1

plaintiff seeking a preliminary injunction must establish:  (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable injury absent a preliminary injunction, (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  A preliminary injunction is also proper if "there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest."  *M.R. v. Dreyfus*, 663 F.3d 1100, 1108 (9th Cir. 2011) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)).

Mr. Morelo fails to carry his burden under this standard because, at a minimum, he has not shown serious questions or a likelihood of success on the merits.  To establish an Eighth Amendment violation related to medical care, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010).  Prison officials may be deemed to have been deliberately indifferent to an inmate's serious medical needs "when they deny, delay, or intentionally interfere with medical treatment."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (quoted sources and internal quotation marks omitted).  However, a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988).  Nor does a difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise to a civil rights claim.  *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In his motion, Mr. Morelo states that Dr. Mallya offered him "a different medication" for his schizophrenia, which he declined to take because it had the potential to cause priapism, a side effect he had previously experienced from psychiatric medication.  Dkt. 15 at 1.  But the fact that Mr. Morelo did not wish to take the medication because of a *potential* side effect does not establish deliberate indifference.  Rather, it suggests a mere difference of opinion regarding proper medical treatment, which is insufficient to prevail on an Eighth Amendment claim.  *See Franklin*, 662 F.2d at 1344.  Accordingly, Mr. Morelo has not shown that he is entitled to a preliminary injunction.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that Mr. Morelo's motion for mental health treatment, Dkt. 15, be DENIED.  A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **December 15, 2015.**  The Clerk should note the matter for **December 18, 2015**, as ready for the District Judge's consideration if no objection is filed.  If

REPORT AND RECOMMENDATION - 3

objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of November, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4