UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY DE LUIS MORELO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ASHOK MALLYA, M.D.,<br><br>　　　　　　Defendant. | Case No. C15-1266-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Johnny De Luis Morelo, an immigration detainee at the Northwest Detention Center ("NWDC") in Tacoma, Washington, is proceeding *pro se* in this civil rights action against Ashok Mallya, M.D., a doctor at the NWDC. He alleges that Dr. Mallya has violated his Eighth Amendment rights by providing constitutionally deficient mental health treatment. Dkt. 3.

On October 26, 2015, Mr. Morelo filed a motion seeking release from immigration detention or transfer to a mental health treatment facility. Dkt. 15. The Court construed this motion as one for preliminary injunction and recommended that the motion be denied. Dkt. 24. That Report and Recommendation remains pending.

On November 23 and December 14, 2015, Mr. Morelo filed two additional motions seeking transfer to a mental health treatment facility, specifically Western State Hospital.[1] Dkts.

---

[1] Mr. Morelo's December 14 motion also seeks appointment of counsel, which the undersigned will address in a

REPORT AND RECOMMENDATION - 1

25 and 34.  On December 4 and December 21, 2015, Mr. Morelo filed two motions requesting release on humanitarian parole.  Dkts. 28 and 37.  Finally, on December 7 and December 14, 2015, Mr. Morelo filed motions that seek, among other things, release from immigration detention.[2]  Dkts. 32 and 35.  Dr. Mallya did not file a response to any of Mr. Morelo's motions.  As discussed below, the Court recommends that all of Mr. Morelo's motions be **DENIED**.

### DISCUSSION

**A.     Requests for transfer or release**

For the reasons discussed in the November 24, 2015 Report and Recommendation, Dkt. 24, Mr. Morelo's requests for a preliminary injunction in the form of transfer to a mental health treatment facility or release from immigration detention, Dkts. 25, 32, 34, and 35, should be denied.

**B.     Humanitarian parole**

Mr. Morelo's humanitarian parole request is based on 8 U.S.C. § 1182(d)(5)(A), which provides in relevant part:  "The Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."  *Id.*; *see also* 8 C.F.R. § 212.5.  The applicable statutory and regulatory provisions vest full discretion for humanitarian parole in the Attorney General, the Secretary of the Department of Homeland Security ("DHS"), and various DHS officials.  *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(a).  Therefore, the Court does not have jurisdiction to grant Mr.

---

separate Order.

[2] Mr. Morelo's December 7 motion asks the Court to hire an expert witness and to obtain and review Mr. Morelo's medical records from Attica Correctional Facility.  Dkt. 32.  Mr. Morelo's December 14 motion asks the Court to order a competency evaluation and for leave to amend his complaint to add two additional defendants.  Dkt. 35.  The undersigned will address these requests in a separate Order.

REPORT AND RECOMMENDATION - 2

1 Morelo the parole he seeks.  *See United States v. Leal-Del Carmen*, 697 F.3d 964, 975 (9th Cir.
2 2012) ("[T]he federal government had exclusive authority to parole [an alien lacking a lawful
3 immigration status] into the country . . . .") (citing 8 U.S.C. § 1182(d)(5)(A)); *Hassan v.*
4 *Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2008) (whether to grant or revoke parole is decided by
5 the Attorney General or certain DHS officials); *Acosta v. United States*, No. C14-420 RSM, 2014
6 WL 2216105, at *4 n.1 (W.D. Wash. May 29, 2014) (court lacked authority to grant parole under
7 8 U.S.C. § 1182(d)(5)(A)); *United States v. Li*, No. CV-12-482-PHX-DGC, 2013 WL 6729895,
8 at *2 (D. Ariz. Dec. 19, 2013) (there is no authority under which the court could compel the
9 Attorney General to grant humanitarian parole).  Mr. Morelo's humanitarian parole motions,
10 Dkts. 28 and 37, should be denied.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that Mr. Morelo's requests for (1) transfer to a mental health treatment facility, Dkts. 25 and 34, (2) release on humanitarian parole, Dkts. 28 and 37, and (3) release from immigration detention, Dkts. 32 and 35, should be **DENIED**.  A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **February 2, 2016.**  The Clerk should note the matter for **February 5, 2016**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on

REPORT AND RECOMMENDATION - 3

the date the response is due.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 12th day of January, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4